UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

       Plaintiff,
vs.

HOOTERS OF MIAMI, INC.
d/b/a Hooters of Coral Gables and
HART MIRACLE MARKETPLACE, LLC

       Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Hooters of Miami, Inc. d/b/a Hooters of Coral Gables and Defendant Hart Miracle Marketplace, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.    Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4.      Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff is a "tester" of compliance with the ADA/ADAAG at various public accommodations.  Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.      Defendant Hooters of Miami, Inc. (also referenced as "Defendant Hooters Miami," "operator," lessee" or "co-Defendant") is a Florida for profit corporation. On information and belief Hooters of Miami, Inc. is either a subsidiary Hooters, Inc. (based in Clearwater, Florida) or Hooters of America, Inc. (based in Atlanta, Georgia). Both Hooters, Inc. and Hooters of America, Inc. are owned by the private investment firm Nord Bay Capital.  There are over 400 Hooters brand restaurants worldwide, but financial data is unavailable as these entities are privately held.

6.      Defendant Hart Miracle Marketplace, LLC (also referenced as "Defendant Hart LLC," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 3301 Coral Way, Coral Gables, Florida 33145, which is also referenced as Folio 01-4109-069-0020. Defendant Hart LLC's real property is built out as a mixed-use commercial center (branded as Miracle Marketplace shopping complex). Hart LLC leases its mixed-use commercial center (in part) to a DSW retail store, a Nordstrom Rack retail store, a PetSmart retail store, a Marshalls store, an LA Fitness Athletic club and the Hooters restaurant which is the subject of this instant action. The Hooters restaurant is the portion of Defendant Hart

LLC's Miracle Marketplace shopping complex which is leased to co-Defendant Hooters of Miami, Inc. who in turn operates its Hooters brand restaurant at that location.

## FACTS

7.  Hooters restaurant is an American bar and restaurant chain which has capitalized on "American cheerleader/surfer" wait staff to interact with and serve its patrons. All Hooters restaurants are places of public accommodation pursuant to 42 U.S.C. 12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Hooters restaurant located at 3301 Coral Way (which is within the Miracle Marketplace shopping complex) which is the subject of this complaint is also referenced as "Hooters restaurant," "Hooters of Coral Gables," "restaurant," or "place of public accommodation."

8.  As the operator of restaurants which are open to the public, Defendant Hooters Miami is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant/bar; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

9.  Due to the close proximity to Plaintiff's home to the Hooters of Coral Gables restaurant, on December 1, 2021 Plaintiff went to the restaurant to purchase a meal and dine therein.

10. On entering the Hooters restaurant, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator of Hooters restaurant (Defendant Hooters Miami) and by the

owner of Miracle Marketplace shopping complex within which the Hooters restaurant is located (Defendant Hart LLC).

12. As a subsidiary to the corporate entities which own and operate over 400 Hooters brand restaurants, Defendant Hooters Miami is well aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of the Miracle Marketplace shopping complex which is operated as various places of public accommodation open to the public, including the subject Hooters restaurant, Defendant Hart LLC is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). As an investor and owner, Defendant Hart LLC is aware of the ADA and the need to provide for equal access in all areas of its shopping complex which are open to the public, including the Hooters restaurant located therein. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize and/or test the Hooters of Coral Gables restaurant for compliance with the ADA/ADAAG, but continues to fear that he will

be injured due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the Hooters restaurant in Coral Gables within the Miracle Marketplace shopping complex, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant Hooters Miami (operator of the Hooters of Coral Gables) and Defendant Hart LLC (owner of Miracle Marketplace shopping complex which houses that Hooters restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Hooters restaurant, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Hooters of Coral Gables restaurant.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. Miracle Marketplace shopping complex, which is owned by Defendant Hart LLC and which houses the Hooters restaurant in Coral Gables, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA, and 28 C.F.R. §36.302 *et seq.* As such, both the owner of Miracle Marketplace shopping complex and the operator of the Hooters restaurant located therein

are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Hooters Miami (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no greater than 5 lbf (22.2 N). This is also a violation §604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with §404; specifically, §§404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground."

ii. As to Defendant Hooters Miami (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the lavatory stall door without assistance, as the bathroom toilet compartment stall door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

iii. As to Defendant Hooters Miami (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

iv. As to Defendant Hooters Miami (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink inside the stall because that sink does not have fully wrapped bottom sink pipes, therefore there is no proper insulation protecting users of that sink against the plumbing pipes under the sink and countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

v. As to Defendant Hooters Miami (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink outside the stall because that sink does

      not have fully wrapped bottom sink pipes, therefore there is no proper insulation protecting users of that sink against the plumbing pipes under the sink and countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

vi. As to Defendant Hooters Miami (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finished floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. This is a further violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

vii. As to Defendant Hooters Miami (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not use the

lavatory mirror as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the commercial property which is being operated as a restaurant accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Hart Miracle Marketplace, LLC (owner of Miracle Marketplace shopping complex which houses the Hooters restaurant) and Defendant Hooters of Miami, Inc. (operator of the Hooters restaurant located therein) and requests the following relief:

    a) The Court declare that Defendants have violated the ADA;

    b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

        c)        The Court enter an Order requiring that Defendants alter Miracle Marketplace shopping complex and the Hooters restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

        d)        The Court award reasonable costs and attorneys fees; and

        e)        The Court award any and all other relief that may be necessary and appropriate.

Dated this 3rd day of January, 2022.

        Respectfully submitted,

        */s/ J. Courtney Cunningham*
        J. Courtney Cunningham, Esq.
        J. COURTNEY CUNNINGHAM, PLLC
        FBN: 628166
        8950 SW 74th Court, Suite 2201
        Miami, Florida 33156
        Telephone:  305-351-2014
        Email: cc@cunninghampllc.com
        *Counsel for Plaintiff*